## In re HOOKER et al. In re RENDER.

No. 9310—Opinion Filed Sept. 11, 1917.

(167 Pac. 1181.)

Original proceeding, on the relation of Sam P. Render, to disbar Sam Hooker and Elmer L. Fulton, attorneys and counselors at law. Petition dismissed.

John R. Guyer, for relator.

McAdams & Haskell, Ames, Chambers, Lowe & Richardson, Shirk & Danner, Everest & Campbell, and Warren K. Snyder, for respondents.

KANE, J. This is an original proceeding, instituted by Sam P. Render, as relator, for the purpose of disbarring Sam Hooker and Elmer L. Fulton, two attorneys and coun-

selors at law of this state, residing in Oklahoma City. Relator charges, in effect, that on the 16th day of March, 1914, one Ross N. Lillard commenced an action against him in the district court of Oklahoma county to recover the sum of $1,325, claiming that the relator, as defendant in that action, was indebted to him in that sum of money as attorney's fees; that the respondents, Sam Hooker and Elmer L. Fulton, were' attorneys for Lillard in that action, and that they, with Ross N. Lillard, conspired together to cheat and defraud the relator in that action by the use of false and fraudulent testimony, which they, the said Sam Hooker and Elmer L. Fulton, well knew to be false; that it was agreed between said Sam Hooker and Elmer L. Fulton and Ross N. Lillard, before said action was ever filed, that false and fraudulent testimony should be used in said cause, and that, in case judgment was obtained and collected, the proceeds therefrom should be split between the three; that a judgment was obtained against the relator in that action, and the proceeds split between the said Lillard and the respondents; that said Sam Hooker and Elmer L. Fulton were induced to enter into said conspiracy to cheat and defraud the relator by the offer of Ross N. Lillard to divide the recovery which they were to obtain by reason of such false and fraudulent acts. Immediately upon the filing of this complaint tha respondents filed their answer, in effect a general denial, and demanded an immediate and thorough investigation into the charges preferred against them by the relator. Upon the issues being joined as above, the Supreme Court appointed Hon. Geo. S. Ramsey, of Muskogee, as referee, to make investigation of the charges against the respondents and report his findings of fact and conclusions of law to the court within 15 days. In pursuance of this order Mr. Ramsey qualified as referee and set the case down for hearing for a day certain. On the day set for the trial the parties appeared in person and by their respective counsel, and, after a full and thorough hearing, the referee, without leaving the bench, rendered an oral report, wherein he found that the charges set forth in the petition of the relator in this action, alleging that Sam Hooker and Elmer L. Fulton, respondents herein, conspired with Lillard to file a false and fraudulent action and to support the same by false and fraudulent testimony, were wholly unfounded, unwarranted, and unjustified, and that there was no evidence of any kind or character offered by the relator to show or prove that respondent Elmer L. Fulton was guilty of the slightest misconduct or had any knowledge or notice that Lillard's action against the

relator was false 'and fraudulent, and also found that respondent Sam Hooker was invited by Lillard to represent him in the case mentioned in the complaint, and that at the time Hooker consented to represent Lillard he did not go over the evidence or facts upon which Lillard proposed to support his claim, further than what Lillard said about it; and that there was no evidence offered showing that respondent Hooker was guilty of the slightest misconduct throughout his connection with Mr. Lillard and Mr. Render. A few days later a written report to the same effect was filed by the referee, to which no exceptions have been filed by the relator. Now the cause comes on to be heard by the court upon the report of the referee. Notwithstanding there have been no exceptions filed by the relator to the report of the referee, the court has examined very carefully the evidence adduced at the trial before the referee, and unhesitatingly agrees with the referee as to its weight and sufficiency to establish the charges preferred against the respondents. The referee very properly allowed the relator the widest latitude in the matter of the introduction of evidence for the purpose of sustaining his charges, and, notwithstanding this liberality, there was no evidence adduced which in the slightest tends to prove the charges made. Upon the contrary, the evidence conclusively shows that the respondents, Sam Hooker and Elmer L. Fulton, enjoy in a high degree the respect and confidence of the bench and bar of the state, and that during a long practice at this bar and honorable careers in the public service they have always conducted themselves in an ethical and honorable manner. The report of the referee is therefore accepted, adopted, and approved in its entirety, and, in pursuance of the recommendations therein contained, the respondents are fully exonerated from the charges made against them, and the petition of the relator is dismissed, at his costs.

All the Justices concur.